[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS
This is a summary process action. The plaintiff is the current owner of the premises. The defendants are Shop-Rite Supermarkets, Inc. ("Shop-Rite") the tenant and two sub-lessees, F.P.T. Associates Leasing, LLC (FPT) and Washington Middle Three, LLC ("WMT").
The following facts are not in dispute. The plaintiff purchased the premises — the Washington Plaza in Middletown, Connecticut — in the 1980s from its original owners. It was subject to the lease in question between the original owners and the defendant Shop-Rite's predecessor dated June 1, 1967.
The initial paragraphs of the lease provided that the lease term was for a period of twenty years. Section 5 provided for four options to extend for a period of five years each.
Shop-Rite exercised its rights to extend in 1988 and 1993 under Sections 5(a) and 5(b) respectively. Section 5(b), properly executed, extended the term of the lease to July 31, 1998. Section 5(c) provides:
If the tenant has exercised the foregoing privilege to extend the term and is otherwise rightfully in possession of the premises it may, by giving notice to the Landlord six (6) months or more before the last day of the extended term, further extend said term to and including the 31st day of July 2003 upon the same covenants and agreements as are herein set forth.
Section 30 sets forth how the notice of exercise of the extension was to be given:
All notices to the Tenant shall be sent by telegram or registered or certified mail addressed to the Tenant at its business office at No. 69 Leggett Street, East Hartford, Conn., "Attention of the Secretary," or to CT Page 3858 such other person and at such other address as the Tenant shall hereafter designate by notice to the Landlord. All notices due the Landlord shall be sent by telegram or registered or certified mail addressed to the person to whom rent is payable at the address to which payments of rent may be sent, except that if the Tenant shall be in doubt as to whom payments should be made they may be addressed and sent to the person to whom rent was last paid at the address where such payment was directed. All notices of default to be effective must state the nature of the default.
On June 21, 1994, the plaintiff notified Shop-Rite to send its rental payment to his attention at 500 Bald Eagle Drive, Naples, Florida. In December 1997, Shop-Rite sent its rental payment to this address.
The "last day of the extended term" was July 31, 1998, the last day for exercise of the extension was January 31, 1998. Shop-Rite sent notice of the exercise of the right given in § 5(c) as follows: 1) A certified letter of acceptance was sent to the plaintiff's home in Naples, Florida on January 29, 1998; 2) a certified letter was sent to the plaintiff's Connecticut address in Niantic; 3) a certified letter was sent to the plaintiff's post office box in Glastonbury; 4) a UPS overnight letter was sent to Naples; 5) a UPS overnight letter was sent to Niantic; and 6) a UPS overnight letter was sent to the post office box.
The certified letter to Naples arrived on Saturday, January 31, 1998. As the plaintiff was not at home, the mail carrier left him a notice which would allow him to obtain the letter. When the plaintiff found the notice in the mid-afternoon of the 31st, the post office was closed. He retrieved the letter on Monday, February 2, 1998.
On receipt of the certified mail notice on February 2, 1998, the plaintiff wrote on February 5, 1998 to Shop-Rite rejecting the lease extension on the grounds that the notice had arrived late under the terms of § 5(c).
The plaintiff now seeks possession of the premises because he claims that the lease has expired by operation of time and Shop-Rite did not exercise its option in a timely fashion.
A decision in this case requires only the discussion of the certified letter sent to the Naples address. The other forms of notice did not follow the method designated in the lease.
The sole issue before the court is whether the exercise of the option was timely. CT Page 3859
The plaintiff asserts that notice under an option is accomplished when the offeror actually receives the notice and not merely when the notice is mailed. Smith v. Hevro Realty Corporation, 199 Conn. 330, 337 (1986).
The defendants claim that Smith v. Hevro does not apply to these facts because that case involved circumstances where the method of delivery of the notice had not been agreed upon. The defendants here argue, initially, that because one of the methods of notice was by certified mail that actual notice is not required. In the absence of an agreement on the proper form of notice, the requirement of actual receipt is a necessary rule to measure compliance by the option holder and to protect the party making the offer. That is not the case at hand. One of the methods for notice of the exercise of the option was by certified mail. This method of notice is different than regular mail which only is post marked. Certified mail not only provides the sender with proof that the notice has been sent but also furnishes evidence that either delivery and receipt have been accomplished or that delivery was attempted on a certain date but not completed. This method of notice is superior to regular mail because it provides a standard by which sending and receipt can be measured. That standard allows the court to conclude that the notice required by Section 30 of the lease was sent within the time provided and an attempt to deliver the notice to the address designated by the plaintiff was attempted within the time agreed upon by the parties. The plaintiff did everything that was required by the lease to exercise his option. Based on these facts alone, the notice was timely.
Furthermore, even if the requirement of actual receipt applies to these facts, the court agrees with the defendants that this also has been accomplished. A court seeking to determine actual receipt of a notice under these circumstances should be guided by a rule that is easily applied and interpreted. There is no Connecticut case which defines "actual receipt." This court finds that possession of a certified mail slip or any other type of token by the offeror which entitles that individual to exclusive possession of the notice and confers a right of possession of the notice superior to that of all other parties is the equivalent of actual receipt of the notice. To rule otherwise would create situations such as has been described here where important business obligations hinge on what door a person enters their house through or whether or not they are home when the postman delivers the mail. CT Page 3860
To summarize the court finds that notice was given in compliance with Section 30 of the lease and more specifically rules that if the actual receipt is required for the exercise of the option that actual receipt did occur under the facts of this case.
The Motion to Dismiss is granted.
THOMAS V. O'KEEFE, J. CT Page 3861